IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

SPENSER MORRIS,                              )
                                             )
    Plaintiff,                              )
                                             )
v.                                           )
                                             )
ELENA DIMITRIJEVIC and                       )
ALLERGAN, PLC, an Irish Public               )
Limited Company, d/b/a ALLERGAN              )
USA, INC., a.k.a. ALLERGAN, INC., a          )
Delaware Corporation                         )
                                             )
    Defendants.                             )

_____

**CIVIL COMPLAINT AND JURY DEMAND**
_____

The Plaintiff, Spenser Morris, by and through his undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts:

## JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff Spenser Morris (hereinafter "Plaintiff") was a resident of the State of Colorado.

2. Upon information and belief, at all times relevant to this action, Defendant Elena Dimitrijevic (hereinafter "Defendant Dimitrijevic") was a resident of the State of California, residing at 1075 Chalcedony Street, San Diego, California 92109.

3. Upon information and belief, at all times relevant to this action, Defendant Allergan, PLC, d/b/a Allergan USA, Inc., a.k.a. Allergan, Inc. (hereinafter "Defendant Allergan") was and is a public limited company, incorporated in Ireland, with its principal executive offices located at Clonshaugh Business and

Technology Park, Coolock, Dublin, D17 E400, Ireland.  Allergan USA, Inc. a.k.a. Allergan, Inc. is a Delaware corporation with its principal place of business located at 5 Giralda Farms, Madison, New Jersey.

4. At all relevant times, Defendant Allergan purposefully availed itself of the privilege of conducting business in the United States and the State of Colorado.

5. This matter arises out of a motor vehicle collision that occurred on June 20, 2017, between Plaintiff and Defendant Dimitrijevic at the intersection of South Tamarac Street and the northbound Interstate 225 on ramp in Denver County, Colorado.

6. Upon information and belief, on June 20, 2017, and at all times relevant hereto, Defendant Dimitrijevic was an agent and/or employee of Defendant Allergan and was acting in her capacity as such.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is a civil action in which the parties are citizens of different states and/or countries.

8. Venue is proper in the U.S. District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b), as this is a District in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

**FACTUAL ALLEGATIONS**

9. On or about June 20, 2017, at approximately 4:30 p.m., Plaintiff and Defendant Dimitrijevic were involved in a motor vehicle collision in the intersection of South Tamarac Street and the northbound Interstate 225 entrance in Denver, Colorado.

10. Plaintiff was the operator of a 2008 Harley Davidson XL 1200R motorcycle (hereinafter the "Harley") and was traveling northbound in the number two lane of South Tamarac Street, approaching the I-225 on-ramp intersection with a green traffic signal and the right-of-way.

11. Defendant Dimitrijevic was driving a 2017 Ford Fiesta (hereinafter the "Ford") and was making a left turn from southbound South Tamarac Street onto the northbound I-225 on-ramp on a green traffic signal that signaled drivers turning left to yield to oncoming traffic.

12. Upon information and belief, at the time of the collision, Defendant Dimitrijevic was acting in her capacity as an employee and/or agent of Defendant Allergan.

13. As Plaintiff entered the intersection, Defendant Dimitrijevic failed to yield the right-of-way to Plaintiff on his Harley and attempted to make a left turn directly in front of Plaintiff's oncoming motorcycle.

14. As a result of Defendant Dimitrijevic taking the right-of-way, Plaintiff's Harley struck the front passenger side of the Ford, ejecting Plaintiff from the motorcycle into the intersection.

15. The crash caused severe damage to both vehicles and serious physical injuries to Plaintiff.

16. When Defendant Dimitrijevic negligently turned in front of Plaintiff's Harley, thereby causing the collision between the Harley and the Ford, she drove in a careless and imprudent manner and failed to take into account the safety of others, particularly that of the Plaintiff.

17. Detective Chris Cesarec of the Denver Police Department arrived at the scene of the crash, conducted an investigation, and determined that Defendant Dimitrijevic was at fault for causing the collision between the Harley and the Ford and cited Defendant Dimitrijevic for "Taking Right of Way on Left Turn" in violation of Colorado Revised Statute § 42-4-702.

18. Plaintiff suffered serious physical injuries as a result of the aforementioned collision, including, but not limited to, an open femur fracture that ultimately necessitated three surgical procedures, as well as a torn medial meniscus tear that required surgical repair.

19. As a result of his collision-related injuries, Plaintiff has undergone significant medical treatment and has incurred over $320,000.00 in medical expenses to date.

20. Plaintiff was not comparatively negligent at the time of the collision.

21. Plaintiff did not cause the aforementioned collision.

22. As a direct and proximate result of Defendant Dimitrijevic's negligence, Plaintiff incurred past and future economic expenses, losses, and damages, including, but not limited to, past and future medical expenses, loss of income, and other economic losses.

23. As a direct and proximate result of Defendant Dimitrijevic's negligence, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of the quality of life.

24. As a direct and proximate result of Defendant Dimitrijevic's negligence, Plaintiff has suffered permanent physical impairment and disfigurement.

## FIRST CLAIM FOR RELIEF

### Negligence – Defendant Dimitrijevic

25. Plaintiff incorporates herein by this reference, the allegations contained in Paragraphs 1 through 24 of this Complaint, as if set forth *verbatim*.

26. Defendant Dimitrijevic owed Plaintiff a duty to use reasonable care in the operation of the Ford.

27. When Defendant Dimitrijevic turned the Ford into the path of Plaintiff's Harley, taking the right of way, she breached the above-referenced duty.

28. Defendant Dimitrijevic also breached the above-referenced duty without limitation, in the following ways:

    a. Failing to keep a proper lookout; and

    b. Driving carelessly.

29. The above-listed breaches of duties are a direct and proximate cause of the injuries sustained by Plaintiff.

30. As a result of Defendant Dimitrijevic's breaches of the aforementioned duties, Plaintiff has sustained injuries, damages, and losses, as described above.

## SECOND CLAIM FOR RELIEF

### Negligence *Per Se* – Defendant Dimitrijevic

31. Plaintiff incorporates herein by this reference, the allegations contained in Paragraphs 1 through 30 of this Complaint, as if set forth *verbatim*.

32. When Defendant Dimitrijevic operated the Ford in such a manner as to cause the motor vehicle collision between the Ford and the Harley, she was in violation of applicable municipal ordinances and Colorado statutes, including, but not limited to: C.R.S. § 42-4-702, Vehicle Turning Left, and C.R.S. § 42-4-1402, Careless Driving.

33. Plaintiff is a member of the class for whose protection the above-referenced statutes were enacted.

34. The incident herein above-described, and the injuries and damages that Plaintiff suffered as a result of the incident, are the kind of injuries and damages sought to be prevented by the passage of the above-referenced statutes.

35. Defendant Dimitrijevic's violations of the above-referenced statutes constitute negligence *per se*.

36. As a direct and proximate result of Defendant Dimitrijevic's violations of the above-referenced statutes, Plaintiff has sustained injuries, damages, and losses, as described above.

## THIRD CLAIM FOR RELIEF

### Vicarious Liability/Respondeat Superior – Defendant Allergan

37. Plaintiff incorporates herein by this reference, the allegations contained in Paragraphs 1 through 36 of this Complaint, as if set forth *verbatim*.

38. Upon information and belief, at or about the aforementioned date and time, Defendant Dimitrijevic was an agent and/or employee of Defendant Allergan.

39. Upon information and belief, at or about the aforementioned date and time, Defendant Dimitrijevic was acting within the course and scope of her employment and/or agency with Defendant Allergan.

40. At or about the aforementioned date and time, the acts and/or omissions of Defendant Dimitrijevic are by law deemed to be the acts and/or omissions of Defendant Allergan.

**WHEREFORE,** the Plaintiff, Spenser Morris, prays for judgment against Defendants Elena Dimitrijevic and Allergan, PLC, in an amount to be determined by the trier of fact for his losses as set forth above and for costs, expert witness fees, filing fees, pre-and post-judgment interest, and such other and further relief as the Court deems appropriate, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Pro. 38(b), Plaintiff demands a trial by jury on all issues so triable.

DATED: January 31, 2019

    Respectfully submitted,

    ZANER HARDEN LAW, LLP


    s/ *Marc Harden*
    Marc Harden, Esq. #36812
    Yerin Cho, Esq. #50105
    Zaner Harden Law, LLP
    1610 Wynkoop St., Suite 120
    Denver, CO 80202
    Phone: (303) 563-5354
    Fax:    (303) 536-5351
    E-mail: mh@zanerhardenlaw.com
           yc@zanerhardenlaw.com

Plaintiff's Address:

415 South Cherokee Street, No. 323
Denver, Colorado 80223